**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**HUGO VILLAREAL-SOLIS**

        **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**EMERY MCCOY and ALICIA WILSON,**
**in their individual capacities**

**Civil Action No. 5:25-cv-51**
**Judge Bailey**

**CHRIS BINA, in his official capacity as**
**Assistant Director of the Health Services**
**Division,**

        **Defendant.**

## FIRST AMENDED COMPLAINT

Hugo Villareal-Solis was incarcerated at FCI Gilmer from January 2020 through July 5, 2025. While at FCI Gilmer, Mr. Villareal Solis endured significant hernia pain that has remained untreated for years. Mr. Villareal Solis has also been denied medically necessary treatment for chronic spinal issues that cause severe headaches that also remain untreated. Mr. Villareal Solis Mr. Villareal Solis has brought this action to obtain the medically necessary treatment.

### Jurisdiction and Venue

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)

2. This Court has jurisdiction of this matter pursuant 28 U.S.C. § 1331 to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

3. Venue is proper because the acts or omissions giving rise to this action occurred in the Northern District of West Virginia.

## Parties

4. Mr. Villareal Solis was, at all times relevant to this action, an inmate at FCI Gilmer in Glenville West Virginia. Mr. Villareal Solis is currently incarcerated at FCI Memphis.

5. The United States is made a party pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)

6. Assistant Director, Rear Admiral Chris Bina, oversees the Health Services Division and is thus charged with administering all activities related to the physical and psychiatric care of inmates. U.S. Dept. of Justice, Program Statement No. 6010.05.

7. Emery McCoy is a doctor employed at FCI Gilmer, who at all times relevant to this action, supervised Mr. Villareal Solis's medical care.

8. Alicia Wilson is a medical provider employed at FCI Gilmer, who at all times relevant to this action, participated in Mr. Villareal Solis's medical care.

## Facts

9. On December 9, 2020, Mr. Villareal Solis ("Hugo") was diagnosed with bilateral inguinal hernias.

10. Inguinal hernias are generally caused when abdominal tissue or contents bulge through a weak spot in the abdominal wall. Inguinal hernias generally present as a bulge in the groin or scrotum, resulting in discomfort and pain in the abdominal and groin area, particularly the scrotum.

11. Although inguinal hernias are not immediately life threatening, if left untreated, they greatly affect the person's quality of life, and can develop into a life-threatening bowel obstruction.

12. On June 9, 2021, Mr. Villareal Solis received a hernia operation to repair a liguinal hernia on his right side with mesh.

13. At that time, the left-side hernia was noted as being "clinically insignificant—not bothering patient" and was left alone.

14. After the right-side hernia surgery, Hugo was not seen again by the surgeon.

15. Hugo's left-side hernia started causing more pain, particularly in the scrotal area.

16. On August 18, 2021, Hugo was told by Ashley Wilson that he had been approved for surgery on his left-side hernia.

17. On November 14, 2021, Hugo submitted a written complaint regarding pain in the area of the right-side hernia surgery, saying that "when I sleep on my right side, pain runs up my testicle, in the same way I feel the pain when walking normally, when climbing the steps, when speaking loudly and I cannot sit for long." Hugo further complained that his left leg has been numb since the surgery.

18. Throughout 2022 and 2023, Hugo complained of his hernia pain in his left side and at the site of the operation of his right-side hernia.

19. On his right side, Hugo felt shooting pain from his abdominal area through to his scrotum. He felt as if the mesh was poking his testicular area, where the surgeon had placed the hernial mesh.

20. In July 2022, Hugo complained again of pain from his left-side hernia and continued scrotal pain from the surgery on his right-side hernia. And again, in November 2022.

21. When Hugo complained of his pain at the surgery site, emanating from his abdomen to his testicles, Alicia Wilson looked only at the site of his scar to report that everything was in order.

22. In March 2023, Hugo again complained of testicular pain from where the hernial mesh was implanted, and that the pain was caused when he tightens his belt, stands for long periods, lifts heavy things, and exercises.

23. In May of 2023, Hugo suffered with a severe headache, dizziness, and trouble breathing. He was taken to the hospital where he was diagnosed with significant strain and dysfunction in his cervical and thoracic, or neck and upper-back, region. Upon discharge, Hugo was told to attend physical therapy. The

24. Hugo never received physical therapy.

25. Instead, Hugo repeatedly experienced severe headache and dizziness so severe that he could not sleep on his back.

26. By August 2024, after repeated complaints of headaches, dizziness, and pain related to his cervical and thoracic dysfunction, Hugo was told that "there is nothing further we can do until you are seen for physical therapy." Hugo never received physical therapy.

27. In addition to being unable to sleep on his back, Hugo experienced significant testicular and abdominal pain whenever there was pressure on the surgery area.

28. In November 2023, Hugo submitted a written complaint asking for another medical consult. He reported continued pain in the surgical area, "great pain in the right testicle," and that his left-side hernia is more painful than the right side at this point.

29. In December 2023, Ashely Wilson told Hugo that he would be recommended for an operation on the left-side hernia, and that they would check the right-side surgery as well.

30. No surgery was scheduled.

31. In September 2024, Hugo submitted a sick call form asking for support for his left-side hernia. He complained that the pain began in 2019, but that the hernia has grown and he has "stronger" pain "when I walk." He asked to be given a support harness for the hernia to relieve some of the pain.

32. Still no surgery was scheduled.

33. In December 2024, Hugo attended a physical appointment with Dr. McCoy. Dr. McCoy told him he did not have a hernia and rushed Hugo out, saying that he had already spent too much time with him.

34. Hugo suffered almost four years of testicular pain and discomfort at FCI Gilmer after he was told that he had been approved for surgery on his left-side hernia.

35. Hugo's continued testicular pain radiating from his left-side hernia and the surgical site causes significant pain and discomfort that impairs his participation in activities of daily living. Because of his continued pain, Hugo is unable to stand for long periods, exercise, lift heavy things, or put pressure on his right side at the surgical site. Even wearing his pants too tight causes significant pain.

## **Count I – Medical Negligence – Failure to Treat Ongoing Pain Resulting from Surgery**
### **(Against the United States)**

36. Mr. Villareal Solis incorporates the allegations in the preceding paragraphs as if fully set forth herein.

37. Mr. Villareal Solis received a surgery on June 9, 2021, to repair an inguinal hernia using hernia mesh.

38. Since that surgery, Mr. Villareal Solis has complained of pain emanating from the site of the surgery that shoots from his abdomen to his testicles, and feeling as if he is being poked or pinched where the hernia mesh has been implanted.

39. Mr. Villareal Solis reported his pain repeatedly to medical staff, at FCI Gilmer.

40. Dr. McCoy and Alicia Wilson owed Mr. Villareal Solis a duty to exercise the degree of care, skill, and learning ordinarily expected of a reasonable and prudent health care provider.

41. By failing to further treat or ascertain the cause of Mr. Villareal Solis's ongoing pain that resulted from the surgery, or in the absence of such ability to refer Mr. Villareal Solis to a specialist for diagnosis and treatment, the duty of care was breached.

### Count II – Medical Negligence – Failure to Treat Hernia
**(Against the United States)**

42. Mr. Villareal Solis incorporates the allegations in the preceding paragraphs as if fully set forth herein.

43. On June 9, 2021, Mr. Villareal Solis underwent surgery to repair an inguinal hernia using hernia mesh. The medical notes indicate bilateral inguinal hernias, but indicate that the left-side was left untreated. The medical notes further provide that the left-side hernia can be operated on if it becomes symptomatic.

44. By August 2021, the left-side hernia had become symptomatic, and by December 2024, it hurt worse than the ongoing pain from the initial surgery.

45. Mr. Villareal Solis was told that he had been approved for surgery, indicating that the surgery was indicated and necessary, but no surgery ever occurred.

46. Dr. McCoy and Alicia Wilson owed Mr. Villareal Solis a duty to exercise the degree of care, skill, and learning ordinarily expected of a reasonable and prudent health care provider.

47. By failing to further treat Mr. Villareal Solis's ongoing hernia pain, and by failing to refer Mr. Villareal Solis for a surgical consultation, the duty of care was breached.

## Count III – Injunctive Relief
### (Against Assistant Director Chris Bina)

48.  Mr. Villareal Solis incorporates the allegations in the preceding paragraphs as if fully set forth herein.

49. The United States has waived sovereign immunity for prospective injunctive relief. 5 U.S.C. § 702.

50. Assistant Director Bina is tasked with administering all activities related to the physical care of inmates.

51. Mr. Villareal Solis has been denied adequate medical care by the Federal Bureau of Prisons, Health Services Division.

52. Mr. Villareal Solis requires a consult with an appropriate medical specialist to ascertain the cause of his ongoing testicular pain resulting from the surgery to his right-side hernia, to properly diagnose and assess his left-side hernia, and, if deemed medically necessary, to repair Mr. Villareal Solis's injury.

## Count IV – Eighth Amendment Violations
### (Against Defendants McCoy and Wilson)

53. Mr. Villareal Solis incorporates the allegations in the preceding paragraphs as if fully set forth herein.

54. Mr. Villareal Solis was diagnosed with a bilateral inguinal hernia. On June 9, 2021, Mr. Villareal Solis underwent surgery to repair his hernia.

55. The right-side hernia was repaired. The left-side hernia was left unrepaired with a note to operate if symptoms got worse.

56. In the years following the surgery, Mr. Villareal Solis's symptoms related to his left-side hernia worsened.

57. Ms. Wilson informed Mr. Villareal Solis in 2021 that he had been approved for surgery.

58. In 2023, Ms. Wilson again informed Mr. Villareal Solis that he had been approved for surgery.

59. Yet no surgery, or surgical consult, was scheduled.

60. In 2024, Mr. Villareal Solis was seen by Dr. McCoy. At that appointment, ignoring prior diagnoses, surgical notes, and years of complaints, Dr. McCoy told Mr. Villareal Solis that he did not have a hernia.

61. No surgery or surgical consult has been scheduled to address Mr. Villareal Solis's diagnosed and symptomatic left-side hernia.

WHEREFORE, Mr. Villareal Solis demands:

- Judgment against the Defendant in an amount as will fairly and fully compensate for his injury, pain, and suffering, and damages proximately caused by Defendant's negligent conduct;

- An order requiring Defendant Bina to provide for the referral of Mr. Villareal Solis to an appropriate medical specialist to ascertain the cause of his ongoing testicular pain resulting from the surgery to his right-side hernia, to properly diagnose and assess his left-side hernia, and, if deemed medically necessary, to repair Mr. Villareal Solis's injury

**HUGO VILLAREAL SOLIS**,

**By Counsel,**


/s/ Maureen F. Gleason
Ryan M. Donovan (WVSB #11660)
Maureen F. Gleason (WVSB # 14452)
HISSAM FORMAN DONOVAN RITCHIE
P.O. Box 3983
Charleston, WV 25339
T: (681) 265-3802
F: (304) 982-8056
rdonovan@hfdrlaw.com
mgleason@hfdrlaw.com